UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENNADY KUDISHEV,<br><br>Petitioner,<br><br>v.<br><br>OSCAR AVILES,<br><br>Respondent. | Civil Action No. 15-2545 (MCA)<br><br><br><br><br><br>MEMORANDUM OPINION |

**ARLEO, United States District Judge:**

This matter has been opened to the Court by Petitioner's Amended Petition for a writ of habeas corpus challenging his detention pursuant to 28 U.S.C. § 2241. (ECF No. 2.) The Petition has been extensively briefed, and the Court has considered the arguments of the parties. For the reasons explained in this Memorandum Opinion, the Court finds that Petitioner's detention during the stay of removal is governed by § 1226, and Petitioner is thus entitled to a bond hearing before an immigration judge to be provided within ten days of the Order accompanying this Memorandum Opinion.

Petitioner has been in the custody of Immigration and Customs Enforcement ("ICE") since December 16, 2014. Petitioner filed his initial Petition on April 4, 2015 and an Amended Petition on April 23, 2015. (ECF Nos. 1-2.) On April 28, 2015, the Court issued an Order directing Respondent to file an Answer. (ECF No. 6.) On June 14, the Government filed a Response on behalf of Respondent. (ECF No. 7.) In that Response, the Respondent argued that Petitioner's application was premature, as he had been detained less than six months at the time he filed his Petition, and analyzed Petitioner's continued detention under 8 U.S.C. § 1231,

1

reasoning that Petitioner would be removed promptly after the Second Circuit acted on his stay application or petition for review. (ECF No. 7, Answer at 3.) On June 19, 2015, Petitioner attorney filed a Reply to Respondent's Response. (ECF No. 8.)

On July 1, 2015, Petitioner's attorney notified the Court that Petitioner had been granted a stay of removal by the Second Circuit Court of Appeals on June 29, 2015, and attached the Second Circuit Order granting the stay of removal. (ECF No. 9.) Counsel for Petitioner argued that, given the stay and the briefing schedule set by the Second Circuit, Petitioner's removal was no longer reasonably foreseeable and Petitioner's "immediate release is warranted[.]" (*See id.*) Petitioner's attorney further noted that "in considering whether to grant a stay of removal, Court's consider the likelihood of success on the merits of the case. Thus, although the grant of the stay of removal does not guarantee that the Petition for Review will be granted, it does give an indication that the Petitioner has a strong likelihood of success." (*Id.*)

On September 11, 2015, the Court ordered supplemental briefing to address the effect of the stay of removal on Petitioner's continued detention. (ECF No. 11.) The parties both filed letter briefs in response to the Court's Order. (ECF Nos. 12, 13.) In his letter to the Court, Petitioner's attorney argued that, pursuant to the Third Circuit's decision in *Leslie v. Att. Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012), detention during a stay of removal is governed by 28 U.S.C. 1226 and not 28 U.S.C. §1231. *See id.* (every circuit to consider the issue has held that § 1226 not § 1231, governs detention during a stay of removal). Petitioner's attorney further contended that Petitioner does not have a conviction that would subject him to mandatory detention under § 1226[(c)] and is thus entitled to a bond hearing under § 1226(a). (ECF No. 12.) In its letter brief, the Government did not provide the basis for Petitioner's continued detention but cited to the Third Circuit's recent decision in *Chavez-Alvarez v. Warden*, 783 F.3d

2

469, 477 (3d Cir. 2015), and argued that "[t]he balance of interests continues to favor ICE's decision to continue detention in order to effect removal." (ECF No. 13.) The Government emphasized the length of Petitioner's detention as well as the fact that Petitioner faced a possible murder trial and conviction should he be deported to Russia:

> [As of September 23, 2015], the Petitioner has been detained for only nine months. The fact that Petitioner stands accused of murder and faces trial and possible conviction upon his return to Russia supports the determination that he is dangerous and poses a flight risk. Petitioner has not produced any evidence contradicting or mitigating that fact. Accordingly, detention furthers the goal of effecting a timely removal and protects against the possibility that Petitioner will flee or cause harm.

(ECF No. 13.) The Government also argued that the Second Circuit Order granting a stay did not alter the balance of interests because the Order was entered before appellant filed his brief and thus did not suggest a likelihood of success on the merits. (*Id.*) The Government also appeared to argue that the Petitioner's removal was still reasonably foreseeable given the current briefing schedule set by the Second Circuit. (*Id.*)

In light of the Petitioner's contention that he is not subject to mandatory detention pursuant to § 1226(c) and is thus entitled to an individualized bond hearing under 1226(a), the Court directed the Government (1) to provide the statutory basis for Petitioner's detention and supporting documentation, (2) and, to the extent Petitioner is held pursuant to § 1226(a), to provide the reasons why they have not provided him with a bond hearing. The Court also stated that "[i]t is clear under *Leslie, supra,* that Petitioner's detention is now governed by § 1226 and not § 1231 due to the stay entered by the Second Circuit in Petitioner's underlying immigration proceedings." (ECF No. 15.)

In response to this Court's Order, the Government now contends that Petitioner's detention during the stay or removal is still governed by § 1231, as opposed to § 1226, because

3

the stay of removal was entered in connection with a motion to reopen his removal proceedings and not in connection with the direct review of the removal order:

> In this case petitioner did not obtain a stay of the BIA's affirmance of the IJ's removal order, and it therefore became administratively final pursuant to 8 U.S.C. § 1231(a)(1)(B)(i). Petitioner's pending petition for review in the Court of Appeals seeks review of the BIA's decision denying his motion to reopen his proceedings, and thus is not seeking direct review of his removal order. Cary Dec. ¶¶ 9-11. *See Diouf v. Mukasey*, 542 F.3d 1222, 1220-30 (9th Cir. 2008) (detention held to be under § 1231 rather than § 1226 because the appeals and stays did not entail judicial review of a removal order, but rather reviews of, inter alia, denial of motions to reopen); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1060 n. 6 (9th Cir. 2008); *Cacatzun-Sop v. Clark*, 2008 WL 5100209 (W.D. Wash. 2008).
>
> *Leslie v. Attorney General*, 678 F.3d 265 (3rd Cir. 2012), does not stand for the proposition that every collateral attack upon an administratively final removal order converts an otherwise administratively final removal order into a pre-removal order proceeding. The petitioner in *Leslie* was still seeking judicial review of his order for removal and thus the stay entered in his case delayed the beginning of the removal period under 8 U.S.C. §1231(a)(1)(B)(i and ii), *See, Leslie*, 678 F.3d at 268. And the Leslie Court did not even discuss the issue of converting administratively and judicially final removal orders into pre-removal order proceedings because it was not an issue in the case.

(ECF No. 16, Res. Letter at 2.)  Essentially, the parties now dispute whether *Leslie* applies to the stay of removal entered in Petitioner's underlying immigration proceedings, i.e., whether Petitioner's detention during the stay of removal is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1231.

Because the standards governing detention and the available relief under the two statutes are different, the Court must determine the statutory basis for petitioner's detention.  The issue before the Court is whether the stay entered by the Second Circuit Court of Appeals in connection with Petitioner's petition for review of the Board of Immigration Appeals denial of his motion to reopen proceedings (*see* ECF No. 9, at 2) converts Petitioner's detention from §

4

1231 to § 1226. *See* 8 U.S.C. § 1231(a)(1)(B)(i and ii) (the removal period begins the latest of the date the order of removal becomes administratively final or if the removal order is judicially reviewed and if a court orders a stay of removal, the date of the court's final order). As explained below, absent Third Circuit authority, the Court is not persuaded by the Government's argument that Petitioner's detention during the stay of removal is governed by § 1231.

Section 1226(a) provides for discretionary detention "pending a decision on whether the alien is to be removed from the United States," and authorizes ICE to release aliens on bond. 8 U.S.C. § 1226(a). Section 1231, on the other hand, governs "detention, release, and removal of aliens ordered removed." 8 U.S.C. § 1231(a). It authorizes detention in only two circumstances. "During the removal period," the Attorney General "shall" detain the alien. 8 U.S.C. § 1231(a)(2) (emphases added). "[B]eyond the removal period," the Attorney General "may" continue to detain certain aliens specified in the statute, or release them under an order of supervision. 8 U.S.C. § 1231(a)(6). The "removal period" generally lasts 90 days, and it begins on the latest of the following: (1) the date the order of removal becomes final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). As courts in this District have explained, pursuant to 8 U.S.C. § 1231(a)(1)(B), "the removal period can be restarted multiple times by various superseding events, such as a new stay order or a detention on criminal charges." *Gosling v. Muller*, No. CIV.A. 12-1043 CCC, 2013 WL 868253, at *4 (D.N.J. Feb. 28, 2013) (citing *Sayed v. Holder*, 2012 WL 458424 (D.N.J. Feb. 9, 2012); *Pierre v. Mukasey*, No. CIV. A. 08-6286 PGS, 2009 WL 464444, at *2 (D.N.J. Feb. 24, 2009) (citing *Michel v. I.N.S.*, 119 F. Supp. 2d 485, 498 (M.D. Pa. 2000) (If a court issues a stay,

the removal period begins [anew] when the stay is lifted [or when such new appellate proceeding ends]. Therefore, the only way to determine when the removal period begins, or began, is to look at what events already have occurred.).

In *Leslie*, 678 F.3d at 270, the Third Circuit construed § 1231(a)(1)(B) and used broad language in holding that detention during a stay of removal is governed by §1226 rather than § 1231:

> Section 1231(a)(1)(B)(ii) enumerates the events that can begin a "removal period," a list that includes: "If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [the date that begins the removal period is] the date of the court's final order." With this language in place, there can be little doubt that an alien, subject to and within a stay of removal, cannot yet be in the "removal period" for § 1231 purposes.

The Government attempts to limit the holding of *Leslie* to what it terms "direct" challenges of removal orders. (*See* ECF No. 16, Letter brief at 2.) The Court in *Leslie* did not draw this distinction, however, and the Government provides no Third Circuit authority for this proposition. The Government's argument is based on the Ninth Circuit's construction of 8 U.S.C. § 1231(a)(1)(B)(2) in which the Court construed the phrase "if the removal order is judicially reviewed" to apply only to direct challenges to the removal order. *See Diouf v. Muskasey*, 542 F.3d 1222, 1220-30 (9th Cir. 2009) ("*Diouf I*").

In *Diouf I*, however, the Ninth Circuit explicitly declined to decide <u>the process</u> to which aliens such as Diouf were entitled and remanded the matter to the district court for that determination. Subsequently, in *Diouf v. Napolitano*, 634 F.3d 1081, 1084 (9th Cir. 2011) ("*Diouf II*"), the Ninth Circuit held that individuals detained under § 1231(a)(6) are entitled <u>to the same procedural safeguards against prolonged detention</u> as individuals detained under § 1226(a) and are thus entitled to a bond hearing before an immigration judge and to be released from detention unless the government establishes that the individual poses a risk of flight or a

danger to the community. *Id.* In so ruling, the Ninth Circuit found that "the same concerns about prolonged detention arise irrespective of whether an alien has petitioned for review of an order of removal (direct review) or an order denying a motion to reopen (collateral review)" *Id.* at 1088, 1092 n. 13 (finding that when the Court "grants a stay of removal in connection with an alien's petition for review from a denial of a motion to reopen, the alien's prolonged detention becomes a near certainty"). Thus, under Ninth Circuit precedent, the distinction between a stay issued on direct review and a stay issued on collateral review appears to have no effect on the relief afforded to petitioners.

In contrast to the Ninth Circuit's approach, Courts in this district have routinely held that "outright release, even if accompanied by conditions, is the sole remedy appropriate in § 1231(a) removal-period matters." *Gomez v. Tsoukaris*, No. CIV.A. 14-1400 SRC, 2014 WL 2434311, at *2 (D.N.J. May 29, 2014) (citing *Hany El Sayed v. Holder*, Civ. No. 11–7324, 2012 U.S. Dist. LEXIS 16808, at *7–8, 2012 WL 458424 (D.N.J. Feb. 9, 2012). "Conversely, a bond hearing is the sole remedy appropriate as to meritorious claims by pre-removal order detainees." *Id.* Numerous courts in this districts have explicitly declined to follow *Diouf II* in so far as it requires a bond hearing for aliens detained under § 1231 for longer than six months. *See, e.g., Filmon v. Hendricks*, No. CIV.A. 13-6739 DMC, 2013 WL 6154440, at *4 n.1 (D.N.J. Nov. 15, 2013) ("This Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."). Although the Government presses for the Ninth Circuit's interpretation of 8 U.S.C. § 1231(a)(1)(B)(2) to support its argument that Petitioner's detention during the stay of

removal is governed by § 1231, the Government does not concede Petitioner must be afforded a bond hearing under *Diouf II*. *See id.* at 1092 n. 13 (where the court "grants a stay of removal in connection with an alien's petition for review from a denial of a motion to reopen, the alien's prolonged detention becomes a near certainty.") Instead, the Government argues that Petitioner is "require[d] him to make a showing under *Zadvydas* that his removal is not reasonably foreseeable once there is a ruling on his collateral attack on the administratively final removal order." (ECF No. 16, Res. Letter at 3.)

The Court is unpersuaded by the Government's argument that Petitioner's detention falls outside the rule announced by the Third Circuit in *Leslie*. In the absence of Third Circuit authority holding otherwise, the Court declines to find that our Circuit would follow the Ninth Circuit and distinguish between a stay issued in connection with direct attack on a final order of removal and a stay issued in connection with a motion to reopen a final order of removal.[1] As a result, the Court finds that pursuant to *Leslie, supra*, Petitioner's detention is presently governed by 1226(a) and he is entitled to the protections afforded under that provision.[2]

Those protections include a bond hearing before an immigration judge. A § 1226(a) detainee may receive a Notice of Custody Determination that automatically affords her a release under bond, before any proceeding in the immigration court has been held. *Reno v. Flores*, 507

---

[1] The Court also notes that denials of final orders of removal and denials of motions to reopen final orders of removal are not treated differently for jurisdictional purposes even though Congress has explicitly granted federal courts the power to review "any final order of removal" under 8 U.S.C. § 1252(a)(1). *See Cruz v. Attorney Gen. of U.S.*, 452 F.3d 240, 246 (3d Cir. 2006). Implicit in this jurisdictional grant is the authority to review the denial of a motion to reopen any such final order. *Id.* (citing *Patel v. United States Attorney General*, 334 F.3d 1259, 1261 (11th Cir. 2003)).

[2] The Court also declines to find that Petitioner has failed to exhaust his administrative remedies given that Respondent has taken the position that his detention is governed by §1231 rather than § 1226.

U.S. 292, 308 (1993). Even if bond is not authorized, the detainee may seek an immediate review by an immigration judge, who would then hold a bond hearing. *Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *1 (D.N.J. Mar. 5, 2012). Because the Court has determined that Petitioner's detention during the stay of removal entered by the Second Circuit on June 29, 2015 (*See* ECF No. 9) is governed by § 1226(a), and Petitioner has not yet been afforded a bond hearing before an immigration judge, the Court directs Respondents to provide Petitioner with a bond hearing within 10 days. An appropriate Order follows.

Madeline Cox Arleo, U.S.D.J.

Date: 12/3, 2015